UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

STEVEN HOYTE,

                       Plaintiff,

- against -

P.O. AMANDA SZOT (Shield # 29521),
P.O. MANUEL CRUZ (Shield # 27205),
Police Officers "JOHN DOE" #1-5, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                       Defendant.
-----------------------------------------------------------------x

12 CV 4622

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

[Stamp: JUDGE CEDARBAUM]

[Stamp: RECEIVED JUN 13 2012 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiffs, STEVEN HOYTE, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, STEVEN HOYTE, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. AMANDA SZOT (Shield # 29521), P.O. MANUEL CRUZ (Shield # 27205), and P.O. "JOHN DOE" #1-5, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about May 27, 2010, at approximately 12:40 a.m. at the Southeast Corner of East Fordham Road and Creston Avenue, in the County of Bronx, City and State of New York, the Plaintiff was operating a 1997 Mercedes Benz, color Black, bearing Florida State registration number 5817ID.

14. The Plaintiff was pulled over while operating his vehicle by P.O. MANUEL CRUZ (Shield # 27205) and P.O. "JOHN DOE" # 1-5.

15. P.O. MANUEL CRUZ (Shield # 27205) and P.O. "JOHN DOE" #1-5, alleged that the reason the Plaintiff was pulled over was because Plaintiff had a defective taillight.

16. The Plaintiff's vehicle did not have a defective taillight.

17. The Plaintiff did not violate any sections of the Vehicle and Traffic Law while operating his vehicle.

18. P.O. MANUEL CRUZ (Shield # 27205) and P.O. "JOHN DOE" # 1-5, had no probable cause and/or reasonable cause to pull over the Plaintiff.

19. While the Plaintiff was stopped at the side of the road, after having been illegally pulled over, P.O. MANUEL CRUZ (Shield # 27205) and P.O. "JOHN DOE" #1-5, ordered the Plaintiff out of his vehicle and without permission, consent, or probable cause, searched Plaintiff's vehicle.

20. P.O. MANUEL CRUZ (Shield # 27205) and P.O. "JOHN DOE" #1-5, seized a knife which was concealed inside of the center console and which was not in plain view.

21. The Plaintiff was arrested and charged in Bronx Criminal Court under docket number

2010 BX 047132, with Criminal Possession of a Weapon in the Fourth Degree in violation of Penal Law § 265.01(1), for allegedly possessing a Gravity Knife.

22. On May 24, 2012, all criminal charges brought against the defendant under docket number 2010 BX 047132, were dismissed.

23. The Defendant Police Officers had no probable cause to stop, search, or arrest the Plaintiff.

24. As a result of the foregoing, plaintiff sustained, inter alia, pain, suffering, physical injury, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his residence, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff STEVEN HOYTE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant

thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff STEVEN HOYTE was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

33. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff STEVEN HOYTE and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

37. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of STEVEN HOYTE's constitutional rights.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against STEVEN HOYTE.

41. Defendants lacked probable cause to initiate criminal proceedings against STEVEN HOYTE.

42. Defendants acted with malice in initiating criminal proceedings against STEVEN HOYTE.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against STEVEN HOYTE.

44. Defendants lacked probable cause to continue criminal proceedings against STEVEN HOYTE.

45. Defendants acted with malice in continuing criminal proceedings against STEVEN HOYTE.

46. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in STEVEN HOYTE's favor when all criminal charges against him were dismissed.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

50. Defendants actions were designed to obtain a collateral objective outside the

legitimate ends of the legal process.

51. Defendants acted with intent to do harm to STEVEN HOYTE without excuse or justification.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants P.O. AMANDA SZOT (Shield # 29521), P.O. MANUEL CRUZ (Shield # 27205), P.O. "JOHN DOE" #1-5, were at all times mentioned herein were acting under color of state law.

55. Defendants had a duty to intervene and prevent the false arrest and malicious prosecution of the plaintiff.

56. P.O. "JOHN DOE" # 1-5, were present with P.O. MANUEL CRUZ (Shield # 27205) and were at the scene of the illegal stop and search of Plaintiff's vehicle, and at the scene where Plaintiff was illegally arrested without probable cause, and failed to intervene to prevent said arrest.

57. P.O. AMANDA SZOT (Shield # 29521) Prepared paperwork related to the arrest and learned of the facts and circumstances surrounding the arrest and failed to intervene to prevent

said arrest and failed to notify a supervisor.

58. The failure of each of the Defendants, to intervene resulted in the unjustified arrest of plaintiff by and deprived plaintiff of his right to be secure in his person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Each of the Defendants including conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above for which the defendants are individually liable.

62. All of the aforementioned Defendants conspired by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## DAMAGES AND RELIEF REQUESTED

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. All of the foregoing acts by defendants deprived STEVEN HOYTE of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. To receive equal protection under the law.

65. By reason of the aforesaid conduct by defendants, plaintiff STEVEN HOYTE is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff STEVEN HOYTE demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       June 6, 2012

By: _____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832